**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

**DEDDRICK ROBINSON**                                                                              **PLAINTIFF**

**VS.**                                           **CASE NO. 3:14CV00206 PSH**

**CAROLYN W. COLVIN, Acting Commissioner,
    Social Security Administration**                                                   **DEFENDANT**

**ORDER**

Deddrick Robinson ("Robinson"), in his appeal of the final decision of the Commissioner of the Social Security Administration (defendant "Colvin") to deny his claim for Supplemental Security Income benefits (SSI), contends the Administrative Law Judge (ALJ) erred in utilizing the Medical-Vocational Guidelines to find him not disabled. The parties have ably summarized the medical records and the testimony given at the administrative hearing conducted on April 11, 2013. (Tr. 34-46). The Court has carefully reviewed the record to determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. 42 U.S.C. § 405(g).

Robinson was the sole witness at the hearing, testifying that he was 35 years old, a high school graduate with one year of college. He stated he was hit by a car on June 3, 2011[1]. Robinson described his primary barriers to work as problems with balance, and hip and knee problems.

---

[1] Robinson alleged his disability began on June 4, 2011. (Tr. 86). He acknowledged he stopped working in October of 2008 "because of other reasons." (Tr. 116). In addition to left leg injuries sustained in the car accident on June 3, 2011, Robinson had a right knee injury years before, resulting in an anterior cruciate ligament reconstruction in November of 1994. (Tr. 232-249). While his testimony was of knee problems in general, the left leg injuries appear to be the primary concern.

According to him, his daily activities are minimal, and include sitting around the house, watching television, and reading. Robinson stated he did not drive due to a suspended license, but he indicated he "probably" could drive if he had a license. (Tr. 40). He stated that his legs or knees hurt twenty-four hours a day. He testified to taking no prescription medications. Instead, he said he takes two aspirin during the day and two at night. He estimated he could stand for 15 minutes, walk for 20 minutes, sit for 30-60 minutes, and lift 10-20 pounds.

In his decision rendered on July 16, 2013, the ALJ determined Robinson suffered from the severe impairments of history of femur fracture and history of anterior cruciate ligament tear. The ALJ found Robinson had the RFC to perform light work[2] except he was limited to only occasional climbing, balancing, stooping, kneeling, crouching, or crawling. The ALJ held Robinson was "not entirely credible". (Tr. 27). The ALJ noted "the scarcity of medical observations, due to the fact the claimant has not sought frequent medical treatment." (Tr. 28). The ALJ also cited the absence of significant physical therapy, pain clinic treatment or "any other ongoing treatment for claimant's alleged symptoms, which severely reduces the credibility of his allegations." *Id.* Finally, the ALJ also discounted Robinson's credibility because he "worked only sporadically prior to the alleged disability onset date." *Id.* Pivotal to the ALJ's opinion was his assessment of the medical records – he assigned minimal evidentiary weight to the Medical Source Statement submitted by Dr. Hodges, a consultative examiner who saw Robinson on June 20, 2013. The ALJ attributed "great weight" to the nonexamining state agency medical consultants, concluding their findings were

---

[2] Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. 20 C.F.R. §416.967(b). In addition, "[l]ight work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." SSR 83-10.

consistent with the overall medical record. (Tr. 29). The ALJ concluded Robinson could perform unskilled light work, and based upon his age, education, and work experience, the Medical-Vocational Guidelines directed a finding that Robinson was not disabled.

**The Use of the Medical-Vocational Guidelines:** Robinson concedes that the Medical-Vocational Guidelines warrant the ALJ's conclusion if he is capable of light work. However, he contends there is no medical basis for finding him capable of performing light work. Specifically, he urges error by the ALJ in his discounting Dr. Hodges' findings and in the ALJ's strong reliance upon the state agency medical consultants.

Robinson has rarely seen medical care providers. There are medical records relating to his two knee surgeries, in 1994 and in June of 2011. During the relevant time for this disability complaint (from October 24, 2011, through July 16, 2013), his only medical care was provided by Dr. Hodges, at the direction of the ALJ following the administrative hearing[3]. Robinson was examined by Dr. Hodges on June 20, 2013, and Hodges executed a Medical Source Statement on June 25, 2013. (Tr. 250-259). In his notes from the examination, Dr. Hodges wrote: "Lower extremities have a noticeable loss of muscle mass both in the left thigh and left calf compared to the right. There is weakness in the left leg compared to the right. Flexion and extension of the left lower extremity causes pain in the hip. . . Deep tendon reflexes are diminished bilaterally in the lower extremities." (Tr. 259). In the Medical Source Statement, Dr. Hodges indicated Robinson was limited in the following ways: he could occasionally lift and carry up to 10 pounds; he could sit 30 minutes, stand and walk one hour without interruption; he could sit five hours, stand two

---

[3] Robinson sought care in January and February of 2014, after the relevant period, presenting with complaints of right knee pain, left hip/upper leg pain, and sinus congestion. (Tr. 12-18).

hours, and walk one hour in an eight hour day; he could occasionally push and pull with either hand, and could frequently reach, handle, finger, and feel with either hand; he could operate foot controls frequently with his right foot, and could never do this with his left foot; he could not climb stairs and ramps, climb ladders and scaffolds, balance, stoop, kneel, crouch, or crawl; he could occasionally be exposed to dust, odors, fumes and pulmonary irritants, but never be exposed to unprotected heights, moving mechanical parts, humidity and wetness, extreme cold or heat, vibrations, and could never operate a motor vehicle; and he could not perform an activity like shopping and could not travel without a companion for assistance. The ALJ assigned Dr. Hodges' opinion "minimal evidentiary weight" because of the lack of ongoing treatment and because the opinion was based upon only one examination. (Tr. 29).

While it is true that Dr. Hodges examined Robinson only once, that in and of itself is an insufficient basis to discount the findings of Dr. Hodges. This is particularly true when the ALJ points to no other medical evidence from an examining source to support the conclusion that Robinson can perform light work. Clearly, Dr. Hodges found Robinson far from being able to do light work[4]. There is no suggestion of malingering on the part of Robinson. As noted, the ALJ did embrace the findings of Drs. Sauer and Payne, neither of whom examined Robinson. In December of 2011, Dr. Sauer examined the records following the June 2011 accident and executed a form in

---

[4] The defendant correctly notes that some of Dr. Hodges' limitations are at odds with his own notes. For example, the examination by Hodges found that Robinson did not complain of any upper extremity problems, and Hodges found good motion and strength in the shoulders, elbows and wrists. (Tr. 257, 259). Thus, the limitations on lifting and carrying and pushing and pulling seem inconsistent with the examination notes. The limitations noted in the Medical Source Statement regarding Robinson's legs, however, are consistent with the examination notes citing weakness and pain. These findings cast doubt on the idea that Robinson could stand/walk for six hours in a work day, as required by light work.

which she projected Robinson would have a light residual functional capacity (RFC) by June of 2012. (Tr. 225). About three weeks later Dr. Payne wrote: "I have reviewed all the evidence in the file and the assessment dated 12/12/11 is affirmed as written." (Tr. 228). The absence of more medical records made the ALJ's decision difficult. However, the medical evidence available was not of equal value. The opinions of Drs. Sauer and Payne are not ordinarily sufficient to constitute substantial evidence, as they did not examine Robinson. *Nevland v. Apfel*, 204 F.3d 853, 858 (8th Cir. 2000). The opinion of Dr. Hodges, based upon an examination, should not have been greatly discounted. The ALJ's determination that Robinson could perform light work is not supported by substantial evidence.

This case must be remanded. On remand, the ALJ is directed to reevaluate the plaintiff's RFC, obtaining additional medical evidence, if necessary.

IT IS THEREFORE ORDERED that the final decision of the Commissioner is reversed and remanded. This remand is a "sentence four" remand within the meaning of 42 U.S.C. § 405(g) and *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

IT IS SO ORDERED this 28th day of October, 2015.

_____
UNITED STATES MAGISTRATE JUDGE